**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| ROBERTO ALMODOVAR, JR. ) | |
| ) | Case No. 18 CV 2341 |
| Plaintiff, ) | |
| ) | Judge Joan B. Gottschall |
| ) | |
| vs. ) | |
| ) | |
| ) | JURY DEMAND |
| REYNALDO GUEVARA, et al. ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS' UNOPPOSED MOTION FOR
REASSIGNMENT BASED ON RELATEDNESS**

All Defendants, through their respective attorneys, move this Court under Local Rule 40.4 and Federal Rule of Civil Procedure 42 for reassignment of *Negron v.Guevara, et al.*, No. 18 C 2701 (N.D. Ill.) (Norgle, J.) with this earlier-filed action pending before this Court, for at least all pre-trial proceedings. In support of the unopposed motion, Defendants state:

**INTRODUCTION**

*Almodovar* and *Negron* are virtually-identical lawsuits currently assigned to separate judges. Both cases arise from the exact same occurrences -- the Plaintiffs' arrests, prosecutions, convictions, and reversals of those convictions for the same murders and attempted murders– and both Plaintiffs allege the exact same issues of fact and law. *See* Ex. A (*Almodovar* Complaint); Ex. B (*Negron* Complaint). Defendants now move, consistent with Local Rule 40.4, for reassignment of the *Negron* case to this Court for all pre-trial proceedings. Particularly, reassignment will not cause any delays, will avoid wasteful overlap, and will result in a

substantial saving of courts' and parties' time and effort. Plaintiffs do not oppose the motion, so long as it is granted only for all pre-trial purposes.

## FACTUAL BACKGROUND

Plaintiffs in *Almodovar* and *Negron* allege an identical common core of facts, summarized as follows: On September 1, 1994, a blue Oldsmobile containing three individuals stopped in front Kennelly Saez, Jorge Rodriguez, Amy Merkes, and Jacqueline Grande while they were conversing in front of a building at 3920 W. Cortland, in Chicago. The individuals in the Oldsmobile opened fire on the group, killing Merkes and Rodriguez and wounding Grande. Plaintiffs were arrested, charged, and subsequently convicted for the murder of Merkes and Rodriguez, and the attempted murder of Grande and Saez. Almodovar was sentenced to natural life imprisonment consecutive to two 30-year terms for attempted murder. Negron's Complaint is silent as to the sentence he received. At a date not specified in either Complaint, the Cook County State's Attorney moved to vacate Plaintiffs' convictions and *nolle prosequi* all charges. On November 20, 2017, with no objection from the State, Judge Leroy Martin, Jr. granted Plaintiffs a certificate of Innocence.

Each Plaintiff's factual allegations are strikingly similar, both in substance and in form. For instance, Almodovar and Negron, often in nearly-identical language, allege that no forensic evidence linked them to the crime. Instead, Plaintiffs allege that they were arrested, indicted, prosecuted, and ultimately convicted based on fabricated evidence. Specifically, Plaintiffs allege that they were framed for the murders of Merkes and Rodriguez and attempted murders of Grande and Saez by Chicago Police Officers Reynaldo Guevara, Ernest Halvorsen, Mark Olszewski, and Edward Mingey. Both Complaints contend Defendants decided to frame

2

Almodovar due to an animus between Almodovar and Defendant Olszewski, and Defendants framed Negron because he was friends with Almodovar. The Complaints also allege Defendants showed Grande and Saez photos of the Plaintiffs prior to conducting a line-up, and told them Plaintiffs were the shooters. Grande and Saez then viewed a line-up and identified Plaintiffs as the shooters. At Plaintiffs' trials, it is alleged that Guevara falsely testified regarding the identities of the shooters, and the photo arrays showed to Grande. *See*, Ex. A ¶¶ at 45-74; Ex. B ¶¶ at 29-48.

Based on these same allegations, Plaintiffs' Complaints each name five identical Defendants and contain eleven identical Counts including: federal claims for "due process–fabrication of evidence," "due process-*Brady* violations," "failure to intervene," "*Monell*/municipal liability," "malicious prosecution" and "conspiracy" and Illinois state law claims for "malicious prosecution," "intentional infliction of emotional distress," "civil conspiracy," "*respondeat superior*" and "indemnification."

### LEGAL STANDARDS

Local Rule 40.4, entitled "Related Cases, Reassignment of Cases as Related," provides in relevant part:

(a) DEFINITIONS. Two or more civil cases may be related if one or more of the following conditions are met:

    (1) the cases involve the same property;

    (2) the cases involve some of the same issues of fact or law;

    (3) the cases grow out of the same transaction or occurrence; or

    (4) in class action suits, one or more of the classes involved in the cases is or are the same.

3

  (b)  Conditions for Reassignment. A case may be reassigned to the calendar of another judge if it is found to be related to an earlier-numbered case assigned to that judge and each of the following criteria is met:

    (1)  both cases are pending in this Court;

    (2)  the handling of both cases by the same judge is likely to result in a substantial saving of judicial time and effort;

    (3)  the earlier case has not progressed to the point where designating a later filed case as related would be likely to delay the proceedings in the earlier case substantially; and

    (4)  the cases are susceptible of disposition in a single proceeding.

Furthermore, Fed. R. Civ. P. 42(a) provides that "[i]f actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." Rule 42(a) "is designed to give the court broad discretion to decide how cases on its docket are to be tried so that the business of the court may be dispatched with expedition and economy while providing justice to the parties." *Palomares v. Second Fed. Sav. & Loan Ass'n of Chicago*, 2010 WL 4672295, at *2 (N.D. Ill. Nov. 9, 2010). Similarly, Local Rule 40.4 "promotes efficient use of judicial resources by minimizing duplication of effort on cases that have a great deal in common." *Garner v. Country Club Hills*, 2012 WL 1900020, at *1 (N.D. Ill. May 23, 2012). "The Seventh Circuit has emphasized that related cases pending within the same court should be consolidated before a single judge to avoid wasteful overlap." *Palomares*, 2010 WL 4672295, at *2 (citing *Blair v. Equifax Check Servs.*, 181 F.3d 832, 839

(7th Cir. 1999)); *see also Smith v. Check-N-Go of Ill., Inc.*, 200 F.3d 511, 513 n.* (7th Cir. 1999) (criticizing district courts for allowing numerous related lawsuits to proceed along different tracks before different judges).

**ARGUMENT**

**I.     THE TWO CASES MEET THE DEFINITION OF RELATEDNESS**

While Local Rule 40.4(a) requires only one of four conditions be met for cases to be "related," two of those conditions are met here—the two cases "involve some of the same issues of fact or law," and they "grow out of the same transaction or occurrence." *See* L.R. 40.4(a)(2), (3). As explained above, Plaintiffs bring the same legal claims against the same Defendants, based on the same factual allegations arising from the same murders and attempted murders.

**II.    ALL CONDITIONS FOR REASSIGNMENT ARE MET**

**A.     The First, Second and Third Conditions Are Easily Met.**

The first and third conditions of LR 40.4(b) are easily satisfied by perusing each case's docket: each case is pending in the Northern District of Illinois, each is at an early stage, and reassignment would not substantially delay this action. *Garner*, 2012 WL 1900020 at *2. The second condition of LR 40.4(b) is also clearly met: as a brief consideration of the cases' reasonably foreseeable litigation paths demonstrates, reassignment and consolidation for at least pretrial proceedings will achieve substantial judicial efficiencies at every step.

Once discovery begins, substantial judicial savings in the two cases will similarly be achieved by reassignment and consolidation. Because of the nearly-identical legal and factual bases underlying the two lawsuits, discovery will involve nearly-identical and repetitive issues and disputes such as Confidential Protective Orders, production of CRs and other documents,

5

*Monell* and/or Fed. R. Evid. 404(b) witnesses, bifurcation of *Monell* claims, and other disputes typical in police-related litigation generally and reversed-conviction litigation specifically. Without reassignment and consolidation, two different courts will have to address these issues and perhaps reach different results; with reassignment and consolidation, one court will decide these issues efficiently and consistently, at substantial savings and benefits to the courts and the parties. Further, reassignment and consolidation will help keep the cases on similar schedules and achieve various efficiencies and savings, such as allowing discovery to be streamlined by avoiding duplication of subpoenas, and avoiding the need for identical fact or expert witnesses to be deposed on two separate occasions.

After discovery concludes, substantial pre-trial judicial savings will continue to be realized as the cases move to *Daubert* and summary judgment motions. Those motions, on such foreseeable legal and factual issues as statute of limitations, immunity, supervisory liability, and the elements of Plaintiffs' other claims, will be resolved more efficiently and consistently in one proceeding with one judge. In similar circumstances, a motion under Local Rule 40.4(b) was granted where:

> given the similarities among the three cases, it is clear that substantial judicial resources will be saved if the matters are consolidated. All three cases have essentially the same plaintiffs, identical defendants, the same legal theories, substantially similar factual theories, and involve the same Chicago River. Furthermore, the same witnesses will likely be called for all three matters.

*River Vill. W. LLC v. Peoples Gas Light & Coke Co.*, 2007 WL 541948, at *2 (N.D. Ill. Feb. 14, 2007). Without reassignment and consolidation, two district court judges will unnecessarily duplicate efforts by deciding nearly-identical legal and factual issues, warranting the relief sought here. *Pactiv Corp. v. Multisorb Tech., Inc.*, 2011 WL 686813, at *3, 5 (N.D. Ill. Feb 15,

6

2011) (consolidating two patent infringement cases for all purposes because "it would be a waste of judicial resources to have two judges presiding over two cases involving the same parties, attorneys, and allegedly infringing product").

### B. The Cases Are Susceptible Of Disposition in a Single Proceeding.

Finally, the fourth condition of LR 40.4(b) is met because the cases "are susceptible of disposition in a single proceeding," or as stated in *River Village,* "consolidation will likely result in disposition of the cases in a single consistent proceeding." 2007 WL 541948, at *2. As explained above, some or all of Plaintiffs' identical claims may be disposed of at the summary judgment stage of proceedings.

"[C]ommon issues of law and fact . . . can be resolved in a single proceeding even if some additional facts also have to be determined as to each individual plaintiff." *Anderson v. Cornejo*, 199 F.R.D. 228, 262 (N.D. Ill. 2000) (granting a motion under Local Rule 40.4); *Peery v. Chicago Housing Authority*, 2013 WL 5408860, at *2 ("The fact that either case may require other issues, such as evaluating the individual damages of the plaintiffs, to be resolved separately does not negate the fact that the core issues here are virtually identical."). Local Rule 40.4(b) "does not require that the cases be completely identical to permit reassignment. Rather, the issue is whether both actions 'involve fundamentally similar claims and defenses that will likely be amendable [*sic*] to dispositive treatment in unified proceedings, whether in claim construction, summary judgment or trial.'" *Pactiv Corp.*, 2011 WL 686813, at *5 (quoting *Global Patent Holdings*, *LLC v. Green Bay Packers*, Inc., 2008 WL 1848142, at *4). Moreover, Local Rule 40.4(b) does not require "proof" that the cases can or should be consolidated; "[r]ather, the Rule requires only a finding that the cases are 'susceptible' (that is, capable) of determination in a

7

single proceeding." *Fairbanks Capital Corp.*, 2002 WL 31655277, at *3; *see also Velocity Patent LLC v. Mercedes-Benz USA, LLC*, 2014 WL 1661849, at *2 (N.D. Ill. Apr. 24, 2014) (that cases feature similar issues "is not to say that the cases *will* be disposed of at the same time, but only that they are *susceptible*.") (emphasis in original). Consequently, even if each Plaintiff needs to adduce some unique evidence, the overwhelming bulk of the cases will be nearly identical. In sum, reassignment and consolidation will save the courts', the parties', and the taxpayers' time, money and efforts.

Here, the overwhelming factual and legal issues presented in both the *Almodovar* and *Negron* arise from the exact same occurrences -- the Plaintiffs' arrests, prosecutions, convictions, and reversals of those convictions for the same murders and attempted murders– and both Plaintiffs allege the exact same issues of fact and law. The facts and issues in both cases are similar in nature and can be handled more efficiently in one proceeding.

Defendants believe the two cases can and should be consolidated for all purposes, including trial. All parties agree that for the present, *Negron* should be reassigned and consolidated with *Almodovar* for all pre-trial proceedings, and reserving the issue of trial for later.

### III. THIS MOTION IS TIMELY.

Local Rule 40.4(c) states in part: "In order that all parties to a proceeding be permitted to respond on the questions of relatedness and possible reassignment, such motions should not *generally* be filed until after the answer or motions in lieu of answer have been filed in each of the proceedings involved." (emphasis added).

Although Defendants bring this unopposed motion prior to answering or otherwise pleading, that should not defeat the motion. *See Freeman v. Bogusiewiz*, 2004 WL 1879045, at *1 (granting reassignment motion brought before answers were filed, holding that Local Rule does not explicitly require motion to be brought only after answers or other pleadings). Here, the two cases are related under LR 40.4(a) and the four requirements of LR 40.4(b) are met. Without bringing this motion now, there is a real possibility that each case will veer off in different directions, with different schedules, leading to the inefficient use of judicial and party resources and potentially resulting in different rulings over identical issues. *See, Check-N-Go of Ill., Inc.,* 200 F.3d at 513, n.* (criticizing district court judges for not consolidating related cases, resulting in numerous and disparate decisions as well as multiple appeals). Defendants thus filed this motion as soon as practicable, seeking to achieve the judicial economies discussed above. *See East v. Lake County Sheriff Dept.*, 2014 WL 1414902, at *2 (granting consolidation motion where second complaint had not yet been served and only one of seventeen defendants had filed a responsive pleading in the first case).

## CONCLUSION

For the above-stated reasons, Defendants' unopposed Motion for Reassignment Based on Relatedness meets all the criteria specified in Local Rule 40.4, and therefore Defendants respectfully request this Court to enter an order:

1. Finding that *Almodovar* and *Negron* are related;

2. Reassigning *Negron* to this Court;

3. Consolidating *Almodovar* and *Negron* for at least all pre-trial proceedings; and

4. Granting any other relief this Court deems just and proper.

| | |
|---|---|
| Date: July 31, 2018 | Respectfully Submitted, |
| /s/ Eileen E. Rosen<br>EILEN E. ROSEN<br>*One of the Attorneys for City of Chicago* | /s/ Jeffrey N. Given<br>JEFFREY N. GIVEN<br>*One of the Attorneys for Individual Defendants* |
| Eileen E. Rosen<br>Patrick R. Moran<br>Stacy A. Benjamin<br>Catherine M. Barber<br>Theresa B. Carney<br>Rock Fusco & Connelly, LLC<br>321 N. Clark, Suite 2200<br>Chicago, IL 60654<br>Tel: (312)494-1000<br>erosen@rfclaw.com | James G. Sotos<br>Jeffrey N. Given<br>Josh M. Engquist<br>Caroline P. Golden<br>David A. Brueggen<br>Jeffrey R. Kivetz<br>The Sotos Law Firm, P.C.<br>550 E. Devon, Suite 150<br>Itasca, IL 60142<br>Tel: (630) 735-3300<br>jgiven@jsotoslaw.com |

## CERTIFICATE OF SERVICE

        I certify under penalty of perjury, pursuant to 28 U.S.C.A. § 1746, that on July 31 2018, I electronically filed the foregoing **Defendants' Unopposed Motion for Reassignment Based on Relatedness** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following CM/ECF participants listed in the below service list:

*Plaintiff's Attorneys*
Jennifer Bonjean
Ashley Blair Cohen
Bonjean LawGroup, PLLC
1000 Dean Street
Suite 422
Brooklyn, NY 11238
718-875-1850
jennifer@bonjeanlaw.com
ashley@bonjeanlaw.com

*Attorneys for City of Chicago*
Eileen E. Rosen
Stacy A. Benjamin
Catherine M. Barber
Patrick R. Moran
Theresa B. Carney
Rock Fusco & Connelly, LLC
321 N. Clark, Suite 2200
Chicago, Illinois 60654
312-494-1000
erosen@rfclaw.com
pmoran@rfclaw.com
sbenjamin@rfclaw.com
cbarber@rfclaw.com
tcarney@rfclaw.com

        /s/ Jeffrey N. Given
        JEFFREY N. GIVEN