**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **ROBERTO ALMODOVAR, JR.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Case No. 18 C 2341** |
| **v.** | ) | |
| | ) | **Magistrate Judge M. David Weisman** |
| **REYNALDO GUEVARA, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**ORDER**

This case is before the Court on defendants' motion for entry of confidentiality order [44], which the Court denies without prejudice.

**Discussion**

As currently phrased, the proposed confidentiality order deems CRs to be confidential. (ECF 44-1 ¶ 1(b).)  Plaintiff contends that the CRs should be produced in full, unredacted form because the Illinois Appellate Court has held CRs are public documents under IFOIA, *see Kalven v. City of Chicago*, 7 N.E.3d 741 (Ill. App. Ct. 2014).  However, the fact that CRs are now subject to public disclosure under IFOIA does not mean that they are devoid of confidential information. On the contrary, IFOIA contains a laundry list of information that must be redacted from CRs and other documents it deems to be public records.  *See* 5 Ill. Comp. Stat. 140/7.  Because unredacted CRs contain confidential information they should be treated as confidential under any amended protective order.

The Court appreciates, however, that plaintiff may want to show CRs to, for example, witnesses or potential witnesses which, under the proposed order, plaintiff cannot do unless he obtains redacted CRs through the IFOIA process.  Plaintiff should not have to start a separate proceeding to obtain usable discovery in this case.  Accordingly, any amended proposed order must contain a procedure for plaintiffs to request from defendants redacted CRs that he can share with third parties.  To protect plaintiff's litigation strategy from disclosure, any amended proposed order must designate one or more people in the City's law department who are not working on this case to receive and fulfill plaintiff's requests for IFOIA-redacted CRs.  Moreover, the people so designated by the City must not share any information about the requested CRs with the people who are working on this case.  This redaction protocol strikes the right balance between plaintiff's right to pursue his case, the third-party privacy interests implicated by IFOIA, and defendants' interest in a cost-effective method for complying with discovery.

Plaintiff also contests the portion of paragraph 1(b) of the proposed protective order that designates as confidential "other information that is of a sensitive or non-public nature."  (*See* ECF 44-1 ¶1(b).)  Absent an explanation of what documents fall into this category and why they should

be deemed confidential, defendants have not shown good cause for this provision.

Next, plaintiff challenges paragraph 2(c) of the proposed order, which allows the parties to file a motion asking the Court to deem as confidential documents that were produced in other litigation "without the protections of any confidentiality order." (*See* ECF 44-1 ¶ 2(c).) Plaintiff argues that this paragraph "allows Defendants at any time and for any reason to move this court to designate a document as confidential whether the document was produced intentionally to third parties or whether it's already well entrenched in the public domain." (ECF 52 at 12.) That is a possibility, though if counsel takes their obligations as officers of the Court seriously it should be more theoretical than real. Nonetheless, to address plaintiff's concerns on that front, any amended proposed order should include a frivolity provision such as the one proposed by plaintiff. (*See id.* at 12-13 (suggesting the following language: "If, pursuant to this provision, a party moves to designate as confidential a document that is readily available in the public domain, is already in the hands of multiple third-parties, or was knowingly or purposefully (rather than inadvertently or unlawfully) produced to any third-party without a confidentiality order, the motion will be deemed frivolous and the nondesignating party shall be entitled to fees and costs for having to respond to the motion.").)

Plaintiff also objects to paragraph 5 of the proposed order, which states that:

[T]he responding party shall have the right to redact from all documents produced in discovery social security numbers, dates of birth, and information covered by the Juvenile Court Act, as well as, for security reasons, all references to a current or former individual police officer's confidential information about him/herself and his/her family, including but not limited to, social security number, home address, home and cellular telephone number(s), personal email address(es), the names of family members and the names of insurance beneficiaries.

(ECF 44-1 ¶ 5.) Plaintiff contends that redacting personally identifying information such as dates of birth ("DOBs") and social security numbers would hamper his ability to locate witnesses. Given that DOBs and social security numbers are virtually currency in our technology-dependent society, the Court agrees that they should be protected from disclosure. *See, e.g.*, Federal Rule of Civil Procedure 5.2(a)(2) (mandating that court filings should not include an individual's date of birth, but rather only the year of birth). However, if plaintiff demonstrates to the Court that he has good cause for seeking a DOB or social security number, the Court will order defendants to produce it. The same is true for any documents defined as "juvenile law enforcement records" under the Illinois Juvenile Court Act. *See* 705 Ill. Comp. Stat. 405/1-3(8.1), 1-7. As with the redaction protocol, this process balances plaintiff's right to pursue his claims with third parties' privacy interests in their personally identifying information. As to confidential information regarding police officers and their families, the Court will also entertain any motion that can show good cause for the production of such information.

Finally, plaintiff objects to the omission from the proposed order of paragraph 8 of the Model Confidentiality Order, which states: "Except on privilege grounds not addressed by this Order, no party may withhold information from discovery on the ground that it requires protection greater than that afforded by this Order unless the party moves for an order providing such special

protection." (See ECF 44-1 ¶ 8.) Defendants say "[i]f the Court agrees to allow Defendants' Proposed Paragraph 5, then Defendants have no objection to including Paragraph 8." (ECF 59 at 11-12.) Because the Court is ordering the inclusion of paragraph 5 in any amended proposed order, paragraph 8 must be included as well.

### Conclusion

In short, defendants' motion for entry of confidentiality order [44] is denied without prejudice to the submission of a proposed amended confidentiality order that comports with this Order.

**SO ORDERED.**                    **ENTERED:  February 27, 2020**


*M. David Weisman*
_____
**M. David Weisman**
**United States Magistrate Judge**