IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ROBERTO ALMODOVAR, JR., ) | |
| ) | Case No. 18 CV 2341 |
| Plaintiff, ) | |
| ) | Judge Joan B. Gottschall |
| vs. ) | |
| ) | Mag. Judge M. David Weisman |
| REYNALDO GUEVARA, et al. ) | |
| ) | |
| Defendants. ) | |

| | |
|---|---|
| WILLIAM NEGRON, ) | |
| ) | Case No. 18 CV 2701 |
| Plaintiff, ) | |
| ) | Judge Joan B. Gottschall |
| vs. ) | |
| ) | Mag. Judge M. David Weisman |
| REYNALDO GUEVARA, et al., ) | |
| ) | |
| Defendants. ) | |

**DEFENDANT MARK OLSZEWSKI'S MOTION FOR SUMMARY JUDGMENT**

Defendant Mark Olszewski, by his attorneys, The Sotos Law Firm, P.C., pursuant to FED. R. CIV. P. 56 and Local Rule 56.1, moves this Honorable Court for summary judgment in his favor and states:

1. On April 1, 2018, Plaintiff Roberto Almodovar filed his eleven-count Complaint against Defendant Olszewski and others, alleging that their conduct in the course of the investigation into the September 1, 1994 murders of Amy Merkes and Jorge Rodriguez, and attempted murders of Jackie Grande and Kennelly Saez, violated his constitutional rights and Illinois law, causing him to be incarcerated for 23 years before his conviction was vacated in 2017. (Almodovar Dkt. #1).

1

2. On April 30, 2020, Plaintiff William Negron filed his eleven-count Amended Complaint against Defendant Olszewski and others, also alleging that their conduct in the course of the investigation into the 1994 murders of Amy Merkes and Jorge Rodriguez, and attempted murders of Jackie Grande and Kennelly Saez, violated his constitutional rights and Illinois law, causing him to be convicted of those crimes for 23 years before it was vacated in 2017. (Negron Dkt. #88).

3. Plaintiffs Almodovar and Negron's respective civil actions arise from the same core of operative facts and involve common questions of law and fact. Negron's civil action was reassigned to this Court based on relatedness (Negron Dkt. #25, Exec. Com. Order), and the Court consolidated the cases for all pre-trial proceedings. (Almodovar Dkt. #20, Order, August 18, 2018). Defendant Olszewski's summary judgment motion is directed to the claims of both Plaintiff Almodovar and Plaintiff Negron.

4. Plaintiffs Almodovar and Negron each bring five federal claims under 42 U.S.C. §1983 and three claims under Illinois law against Defendant Olszewski: (1) §1983 Due Process: Fabrication of Evidence (Count I); (2) §1983 *Brady* violations (Count II); (3) §1983 Malicious Prosecution (Count III); (4) §1983 Conspiracy (Count IV); (5) §1983 Failure To Intervene (Count V); (6) State Law Malicious Prosecution (Count VII); (7) Civil Conspiracy (Count VIII); and (8) Intentional Infliction of Emotional Distress (IIED) (Count IX).[1] Plaintiffs' claims against Olszewski are premised upon his taking and providing Plaintiffs' photos to Defendants Ernest Halvorsen and Reynaldo Guevara. Plaintiffs allege that Defendants Halvorsen and

---

[1] Negron's state law claims are numbered differently. Negron's IIED claim is set forth in Count VII, malicious prosecution in count VIII, and civil conspiracy in Count X. Negron's Amended Complaint misidentifies his state law conspiracy claim as "Count VI" (¶ 115).

Guevara then used those photos to obtain unduly suggestive identifications of them as the perpetrators from eyewitnesses Jackie Grande and Kennelly Saez.

5. Defendant Olszewski is entitled to summary judgment on all of Plaintiffs Almodovar and Negron's federal and state claims against him because Plaintiffs cannot establish Olszewski's personal involvement in the conduct underlying those claims. *See, e.g., Colbert v. City of Chi.*, 851 F.3d 649, 657 (7th Cir. 2017) (cleaned up) ("[i]ndividual liability under §1983…requires personal involvement in the alleged constitutional deprivation"); *Beaman v. Freesmeyer*, 2019 IL 122654, ¶ 29 (Ill. 2019) (cleaned up) (liability for state law malicious prosecution only to "persons who played a significant role in causing the prosecution of the plaintiff").

6. Plaintiffs' fabrication claims fail because they cannot establish Olszewski fabricated Plaintiffs' photos or any other evidence. *Coleman v. City of Peoria*, 925 F.3d 336, 344 (7th Cir. 2019). Nor can Plaintiffs demonstrate that Olszewski personally suppressed any *Brady* material that was favorable to their defense. The photos he took of Plaintiffs were disclosed to the prosecutors and Plaintiffs, and evidence known to the defense and the prosecution cannot form the basis of a *Brady* suppression claim. *Moran v. Calumet City*, 54 F.4th 483, 492-93 (7th Cir. 2022). Plaintiffs also fail to prove Olszewski was personally involved or played a significant role in the initiation of criminal charges against Plaintiffs to support their malicious prosecution claims, *Beaman*, 2019 IL 122654, ¶ 46, or that he engaged in extreme and outrageous conduct for their IIED claims. *Richards v. U.S. Steel*, 869 F.3d 557, 566 (7th Cir. 2107). Plaintiffs' failure to intervene claims fail because they cannot establish Olszewski had a realistic opportunity to intervene in any suggestive identification, *Gill v. City of Milwaukee*, 859 F.3d 335, 342 (7th Cir. 2017), and their conspiracy claims cannot survive because Plaintiffs lack

evidence that Olszewski agreed to join an unconstitutional scheme. *Amundsen v. Chi. Park Dist.*, 218 F.3d 712, 718 (7th Cir. 2000); *Menssen v. Pneumo Abex Corp.*, 2012 IL App (4th) 100904, ¶ 12 (Ill. App. Ct. 2012).

7. Defendant Olszewski is also entitled to summary judgment on all of Plaintiffs' federal and state claims because Plaintiffs cannot show that his acts proximately caused their injuries. *See, e.g., Colbert*, 851 F.3d at 657 (cleaned up) (to recover under §1983, "[P]laintiffs must demonstrate a causal connection" between the misconduct complained of and the official sued); *Beaman*, 2019 IL 122654, ¶ 40 ("a malicious prosecution action requires proof of legal causation"); *Richards*, 869 F.3d at 566 ("[A] plaintiff may recover damages for [IIED] only if she establishes…the defendant's conduct did in fact cause severe emotional distress").

8. Defendant Olszewski is also qualifiedly immune from federal liability on causation grounds because Plaintiffs will not be able to meet their burden of identifying an analogous case that clearly establishes a police officer could be liable for violating a constitutional right by taking and providing photographs to another officer who, unbeknownst to the photo-taker, later used it to perpetrate an unduly suggestive identification procedure. Plaintiffs bear the burden of demonstrating the violation of a clearly established right. *See, Purtell v. Mason*, 527 F.3d 615, 621 (7th Cir. 2008).

9. Plaintiffs' federal and state conspiracy claims against Defendant Olszewski also fail for additional reasons. As to the federal conspiracy claims, Plaintiffs must demonstrate that…a state official and a private individual(s) reached an agreement. *See Cooney v. Casady*, 735 F.3d 514, 518 (7th Cir. 2013) (quoting *Lewis v. Mills*, 677 F.3d 324, 333 (7th Cir. 2012)). Here, no private individual is involved in Plaintiffs' alleged conspiracy, only state actors, thus defeating the claim. Further, Defendant Olszewski cannot be held liable under a conspiracy

theory because of the intracorporate-conspiracy doctrine. "Under this principle…an agreement between or among agents of the same legal entity, when the agents act in their official capacities, is not an unlawful conspiracy." *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1867 (2017)). Because the intracorporate-conspiracy doctrine derives from universal tort principles, it should similarly apply to Plaintiffs' state law conspiracy claims. Defendant Olszewski is also entitled to qualified immunity on the federal conspiracy claims based on the no-private-actor or intracorporate-conspiracy defenses. *See Ziglar*, 137 S. Ct. at 1868. ("When the courts are divided on an issue so central to the cause of action alleged, a reasonable official lacks the notice required before imposing liability.").

10. Defendant Olszewski is also entitled to summary judgment on Plaintiffs' federal failure to intervene claims because they are not recognized by the Constitution. The Seventh Circuit recently called into question the viability of the "failure to intervene" theory of §1983 liability. In concurrence, Judge Easterbrook noted that "'[f]ailure to intervene' sounds like vicarious liability," which would of course be untenable, as "[t]he Supreme Court has held many times that § 1983 supports only direct, and not vicarious, liability." *Mwangangi v. Nielsen*, 48 F.4th 816, 834 (7th Cir. 2022) (Easterbrook, J., concurring) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 676–77, (2009); *Monell v. N.Y. City Dep't of Soc. Servs.*, 436 U.S. 658 (1978)).

11. Plaintiffs' IIED claims against Defendant Olszewski also fail because they are time-barred under the one-year statute of limitations contained in the Illinois Tort Immunity Act, 745 ILCS 10/8-101(a). All of Olszewski's alleged conduct occurred in the first few days of September 1994, which required Plaintiffs to file their IIED claims against him by early 1995. *See, e.g., Bridewell v. Ewell,* 730 F.3d 672, 678 (7th Cir.2013) (holding that IIED claim arising from conduct that occurred in the course of an arrest accrued on the date of the arrest). Success

5

on Plaintiffs' IIED claims based on Olszewski's conduct would not have been inconsistent with their extant convictions, and thus the tolling rule under *Heck v. Humphrey,* 512 U.S. 477 (1994), would not apply. *See, e.g., Serrano v. Guevara, et. al,* 315 F.Supp.3d 1026, 1043 (N.D. Ill. 2019) (Shah, J.). In *Serrano*, Judge Shah found that an IIED claim was not time-barred to the extent that it alleged police misconduct which, if proven, would have been inconsistent with an intact criminal conviction. *Id.* However, the IIED claim was time-barred to the extent it was based on police misconduct that generated evidence that was not introduced at the criminal trial. *Id.* Here, proof that Olszewski's separate arrest of Almodovar and photographing of both Plaintiffs in 1994 caused them emotional distress would have had no impact on Plaintiffs' criminal convictions. Because the IIED the claims against Olszewski accrued in 1994 and Plaintiffs did not file their respective complaints until 2018, the IIED claims are time-barred under the Tort Immunity Act.

12. Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits, show "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a).

13. For the reasons set forth in the Defendant Olszewski's Memorandum of Law in Support of Motion for Summary Judgment and its accompanying Rule 56.1 Statement of Uncontested Facts, this Court should grant Defendant Olszewski's Motion for Summary Judgment.

Date: December 21, 2022

Respectfully submitted,

/s/ Josh M. Engquist
JOSH M. ENGQUIST, Atty No. 6242849
Special Assistant Corporation Counsel
*One of the Attorneys for Individual Defendants*

James. G. Sotos
Caroline P. Golden
Josh M. Engquist
Special Assistant Corporation Counsel
THE SOTOS LAW FIRM, P.C.
141 W. Jackson Blvd., Suite 1240A
Chicago, IL 60604
Tel: (630) 735-3300
jengquist@jsotoslaw.com

# CERTIFICATE OF SERVICE

I hereby certify that on December 21, 2022, I electronically filed the foregoing **Defendant Olszewski's Motion for Summary Judgment** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the CM/ECF participants listed on the below Service List.

*Attorneys for Roberto Almodovar:*

Jennifer A Bonjean
Ashley Blair Cohen
Bonjean Law Group, PLLC
467 Saint Johns Place
Brooklyn, NY 11238
(718) 875-1850
jennifer@bonjeanlaw.com
Ashley@bonjeanlaw.com

*Attorneys for William Negron:*

Arthur R. Loevy
Jonathan I. Loevy
Ruth Z. Brown
Julie Marie Goodwin
Lindsay Hagy
Rachel Elaine Brady
Sean Starr
Russell R Ainsworth
Loevy & Loevy
311 North Aberdeen
3rd Floor
Chicago, IL 60607
(312)243-5900
arthur@loevy.com
jon@loevy.com
ruth@loevy.com
julie@loevy.com
lindsay@loevy.com
Brady@Loevy.com
sean@loevy.com
russell@loevy.com

*Attorneys for Defendant Reynaldo Guevara:*

Thomas More Leinenweber
James Vincent Daffada
Megan Kelly McGrath
Kevin Edward Zibolski
Michael John Schalka
Leinenweber Barone & Daffada LLC
120 N. LaSalle St.
Suite 2000
Chicago, IL 60602
(847) 251-4091
jim@ilesq.com
jim@ilesq.com
mkm@ilesq.com
kevin@ilesq.com

*Attorneys for Defendant City of Chicago:*

Eileen Ellen Rosen
Austin Gordon Rahe
Catherine Macneil Barber
Patrick R Moran
Stacy Ann Benjamin
Theresa Berousek Carney
Rock Fusco & Connelly, LLC
321 North Clark Street, Suite 2200
Chicago, IL 60654
(312) 474-1000
erosen@rfclaw.com
arahe@rfclaw.com
cbarber@rockfuscoconnelly.com
pmoran@rfclaw.com
sbenjamin@rfclaw.com
tcarney@rfclaw.com

8

***Attorneys for Respondent Cook County***
***State's Attorney's Office:***

Patrick Daniel Morris
Silvia Mercado Masters
Cook County State's Attorney's Office
50 W. Washington Street
Suite 2760
Chicago, IL 60602
312.603-1426
patrick.morris@cookcountyil.gov
silvia.mercadomasters@cookcountyil.gov

        /s/ Josh M. Engquist
        JOSH M. ENGQUIST, Atty No. 6242849
        Special Assistant Corporation Counsel
        *One of the Attorneys for Individual Defendants*