IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ROBERTO ALMODOVAR, JR., | ) | |
| | ) | Case No. 18 CV 2341 |
| Plaintiff, | ) | |
| | ) | Judge Joan B. Gottschall |
| vs. | ) | |
| | ) | Mag. Judge M. David Weisman |
| REYNALDO GUEVARA, et al. | ) | |
| | ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| WILLIAM NEGRON, | ) | |
| | ) | Case No. 18 CV 2701 |
| Plaintiff, | ) | |
| | ) | Judge Joan B. Gottschall |
| vs. | ) | |
| | ) | Mag. Judge M. David Weisman |
| REYNALDO GUEVARA, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT OLSZEWSKI'S LOCAL RULE 56.1 STATEMENT OF UNCONTESTED FACTS IN SUPPORT OF HIS MOTION FOR SUMMARY JUDGMENT**

Defendant Mark Olszewski, by his attorneys, submits the following statement of uncontested facts pursuant to Local Rule 56.1 in support of his motion for summary judgment:

**JURISDICTION AND VENUE**

1. This matter is brought pursuant to 42 U.S.C. §1983 and Illinois law. This Court has jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. §1331, and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367. **(Ex. 1, Almodovar Dkt. #29, Defendants Halvorsen, Mingey and Olszewski's Answer to Plaintiff Almodovar's Complaint, at ¶¶12-13; Ex. 2, Negron Dkt. #95, Defendants Halvorsen, Mingey and Olszewski's Answer to Plaintiff Negron's Amended Complaint, at ¶¶6-7.)**

2. Venue is proper under 28 U.S.C. § 1391(b) because the acts giving rise to Plaintiff's claims occurred in this judicial district. **(Ex. 1, Almodovar Dkt. #29, at ¶13; Ex. 2, Negron Dkt. #95, at ¶8.)**

## PARTIES

3. Plaintiffs Roberto Almodovar and William Negron were arrested, prosecuted, and convicted of the murders of Jorge Rodriguez ("Rodriguez") and Amy Merkes ("Merkes"), and the attempted murders of Jackie Grande ("Grande") and Kennelly Saez ("Saez"). **(Ex. 3, Illinois Appellate Court Order,** *People v. Almodovar***, July 16, 1997 ; Ex. 4, Illinois Appellate Court decision,** *People v. Negron***, June 17, 1998.)**

4. At all relevant times, Defendant Mark Olszewski was a tactical officer with the Chicago Police Department ("CPD") and assigned to the 25th District gang tactical team. **(Ex. 1, Almodovar Dkt. #29 at ¶16; Ex. 5, Olszewski Dep. Tr. at 43:3-14.)**

5. At all relevant times, Defendant Reynaldo Guevara was a detective with the Chicago Police Department ("CPD") and assigned to the Area 5 Violent Crimes Unit. **(Ex. 1, Almodovar Dkt. #29 at ¶16.)**

6. At all relevant times, Defendant Ernest Halvorsen was a detective with the Chicago Police Department ("CPD") and assigned to the Area 5 Violent Crimes Unit. **(Ex. 1, Almodovar Dkt. #29 at ¶16.)** Defendant Halvorsen died on January 26, 2020 during the pendency of this action. **(Ex. 6, Halvorsen Statement of Death Upon Record, Almodovar Dkt. #69 and Negron Dkt. #69.)** He was substituted as a party-defendant by his surviving spouse, JoAnn Halvorsen, who was appointed by this Court to serve in this case as Special Representative for Ernest Halvorsen, deceased. **(Ex. 7, Order, March 26, 2020, Almodovar Dkt. #81; Ex. 8, Order, March 24, 2020, Negron Dkt. #82.)**

7. Defendant City of Chicago is an Illinois municipal corporation that employed Defendants Olszewski, Guevara and Halvorsen at the time of the events giving rise to this suit. **(Ex. 1, Almodovar Dkt. #29 at ¶¶15-16; Ex. 2, Negron Dkt. #95 at ¶¶10-11.)**

8. At all relevant times, Defendants Olszewski, Guevara and Halvorsen were acting under color of state law and in the scope of their employment. **(Ex. 1, Almodovar Dkt. #29 at ¶18; Ex. 2, Negron Dkt. #95 at ¶11.)**

## THE OLAN & MERKES/RODRIGUEZ GANG-RELATED SHOOTINGS

9. In August and September 1994, the Insane Dragons and their rivals the Maniac Latin Disciples (MLDs) were involved in a gang war. **(Ex. 5, Olszewski Dep. Tr. at 165:8-166:6; Ex. 9, Sergio Almodovar Dep. Tr. at 117:22-118:14.; Ex. 10, Kennelly Saez 11/28/95 Trial Testimony at p. 184:3-11.)**

10. On August 30, 1994, at approximately 2:15 a.m., Insane Dragons member Carlos Olan was killed in a drive-by gang shooting while on a front porch at 4625 W. Palmer Street in Chicago. **(Ex. 11, Guevara 11/29/95 Trial Testimony 11/29/1995, 136:20-137:14)**

11. In the early morning hours of September 1, 1994, Amy Merkes and her friend Jackie Grande were visiting the apartment of Merkes' boyfriend, Kennelly Saez, at 3920 W. Cortland Street in Chicago. **(Ex. 2, Negron Dkt. #95 at ¶¶19-20; Ex. 12, Grande Dep. Tr. at 11:1-16:13; Ex. 13, Saez Dep. Tr. at 24:22-26:4.)** They were joined by Saez's cousin, Jorge Rodriguez, and were hanging out together on the front stoop of the building which faced Cortland Street. **(Ex. 12, Grande Dep. Tr. at 15:2-16:13; Ex. 13, Saez Dep. Tr. at 22:2-25:11.)**

12. Saez and Rodriguez were both members of the Maniac Latin Disciples (MLDs) street gang. **(Ex. 1, Almodovar Dkt. #29 at ¶36); Ex. 13, Saez Dep. Tr. at 12:3-14, 23:13-21, 92:13-93:5; Ex. 10, Saez 11/28/95 Trial Testimony at pp. 182:13-183:9)** Saez served as chief

3

enforcer of the MLDs. **(Ex. 13, Saez Dep. Tr. at 13:21-14:16.)** Merkes and Grande were not gang members. **(Ex. 12, Grande Dep. Tr. at 133:23-25; Ex. 13, Saez Dep. Tr. at 25:2-26:20.)**

13. At approximately 12:45 a.m., a car drove past the apartment building carrying three occupants. **(Ex. 1, Almodovar Dkt. #29 at ¶¶37-38; Ex. 2, Negron Dkt. #95 at ¶¶22-23; Ex. 10, Saez 11/28/95 Trial Testimony at pp. 189:17-21)** Saez and Grande reported the vehicle was driving eastbound on West Cortland when it pulled into the nearby alley, backed up, and drove back until it reached the area where the four were on the front stoop of the apartment building. **(Ex. 1, Almodovar Dkt. #29 at ¶¶37-38; Ex. 2, Negron Dkt. #95 at ¶¶22-23; Ex. 13, Saez Dep. Tr. at 96:3-101:1; Ex. 12, Grande Dep. Tr. at 16:7-17:15.)**

14. The rear passenger on the driver's side of the car called out, "What's up, folks?" **(Ex. 1, Almodovar Dkt. #29 at ¶38; Ex. 2, Negron Dkt. #95 at ¶23; Ex. 10, Saez 11/28/95 Trial Testimony at 196:3-19)** Saez called back, "Who's that?," approached to find out who was inside, and as he did, gunshots were fired from the car. **(Ex. 1, Almodovar Dkt. #29 at ¶38; Ex. 2, Negron Dkt. #95 at ¶23; Ex. 10, Saez 11/28/95 Trial Testimony at pp. 197: 8-12, 201:3-202:2)** Saez dove behind a nearby parked car and was not struck. **(Ex. 1, Almodovar Dkt. #29 at ¶39; Ex. 2, Negron Dkt. #95 at ¶¶24-25; Ex. 10, Saez 11/28/95 Trial Testimony at 201:13-23)** Merkes was shot and pronounced dead at the scene. **(Ex. 1, Almodovar Dkt. #29 at ¶39; Ex. 2, Negron Dkt. #95 at ¶24; Ex. 10, Saez 11/28/95 Trial Testimony at pp. 204:8-22, 207:24-208:18; Ex. \_\_\_ Grade Dep. Tr. at 19:16-20:12)**. Rodriguez was shot and died at the hospital. **(Ex. 1, Almodovar Dkt. #29 at ¶40; Ex. 2, Negron Dkt. #95 at ¶25; Ex. 10, Saez 11/28/95 Trial testimony at p 206:10-207:23).** Grande was shot and hospitalized, but survived. **(Ex. 1, Almodovar Dkt. #29 at ¶¶39-40; Ex. 2, Negron Dkt. #95 at ¶¶24-25;Ex. 10, Saez 11/28/95 Trial Testimony at 205:17-206:9; Ex. 12, Grande Dep. Tr. at 19:16-21, 22:17-24)**

**INVESTIGATION BY CPD HOMICIDE DETECTIVES**

15.     Detectives McDonald and Rutherford were assigned to the scene investigation. **(Ex. 14, Rutherford Dep. Tr. at 72:8-17, 81:15-22; 82:16-20.)** They interviewed witnesses including Saez. **(Ex. 13, Saez Dep. Tr. at 112:21-113:1, 114:4-8; Rutherford 77:19-78:8, 93:19-24; Ex. 10, Saez 11/28/1995 Trial Testimony at 239:23-240:12.)** Grande was interviewed at the hospital by Detective Dembowski. **(Ex. 15, Dembowski Dep. Tr. at 37:24-39:7; Ex. 12, Grande Dep. Tr. at 23:5-18; 135:23-136:6; Ex. 1, Almodovar Dkt. #29 at ¶42; Ex. 2, Negron Dkt. #95, at ¶27.)** Both Saez and Grande gave accounts of the incident and descriptions of the perpetrators. **(Ex. 12, Grande Dep. Tr. at 23:5-18; Ex. 13, Saez Dep. Tr. at 112:21-114:13; Ex. 14, Rutherford Dep. Tr. at 95:21-99:19.)**

16.     In the late afternoon of September 1, 1994, Detectives Halvorsen and Guevara were assigned to investigate the Merkes/Rodriguez homicides and the Olan homicide. **(Ex. 11, Guevara 11/29/1995 Trial Testimony at 155:22-156:15.)** They were aware of the gang war between the Insane Dragons and the MLDs, that the two shooting incidents occurred approximately seven blocks apart, and that it appeared the Merkes/Rodriguez homicide was in retaliation for the Olan homicide. **(Ex. 1, Almodovar Dkt. #29, at ¶46; Ex. 11, Guevara 11/29/1995 Trial Testimony at 136:8-137:20, 178:11-179:3, 179:20-180:13.)**

17.     On September 2, 1994, an eyewitness identified an MLD gang member as one the perpetrators of the Olan murder from a photo array. **(Ex. 17, Vanecek report at 2-3.)** He and another eyewitness subsequently and separately identified the same MLD in a live line-up, and the MLD was charged with Olan's murder. **(Ex. 17, Vanecek report at 2-3.)**

18.     On September 4, 1994, Defendant Officer Olszewski and Officer Joseph Silva of the 25th District Gang Team arrested Plaintiff Roberto Almodovar and three other Insane

5

Dragon gang members at a purportedly vacant property at 2327 N. Rutherford based on a citizen's complaint that the Insane Dragons were using that vacant home as a clubhouse. **(Ex. 11, Guevara 11/29/1995 Trial Testimony at 136; Ex. 18, Silva 2/23/1996 Death Penalty Hearing Transcript, at 33:6-37:14; Ex. 5, Olszewski Dep. Tr. at 151:20-157:15, 159:6-22, 162:12-164:23, 174:4-8).** Plaintiff Almodovar's cousin, Sergio, was charged with possession of a sawed-off shotgun without a Firearm Owners Identification (FOID) card, 430 ILCS 65/2(a), and Plaintiff Almodovar and two others were charged with mob action, 720 ILCS 5/25-1(a). **(Ex. 5, Olszewski Dep. Tr. at 184:19-185:3; Ex. 18, Silva 2/23/1996 Death Penalty Hearing Transcript, at 38:16-39:7).** As was Olszewski's usual practice, Polaroid photos were taken of all the gang arrestees during their processing at the station to compile intelligence about gangs and assist other officers. **(Ex. 5, Olszewski Dep. Tr. at 62:4-64:7, 184:16-186:13).** Olszewski did not take photos for the specific purpose of providing them to investigators working on either the Olan or Merkes/Rodriguez gang-related homicide investigations. **(Ex. 5, Olszewski Dep. Tr. at 62:4-64:7, 184:16-186:13; Ex. 19, Olszewski Declaration at ¶ 4).** Plaintiff Almodovar contends Olszewski maintained a personal dislike of him prior to this arrest. (**Ex. 1, Almodovar Dkt. #29, at ¶¶20-21.**)

19. Detective Halvorsen contacted the sergeant for the 25th District Gang Team seeking information about the Insane Dragons. **(Ex. 11, Guevara 11/29/1995 Trial Testimony at 137:15-20; Ex. 5, Olszewski Dep. Tr. at 145:22-148:15, 187:11-19, 188:13-19.)** Defendant Officer Olszewski and Officer Joseph Silva[1] were informed of Detective Halvorsen's inquiry for information on the Insane Dragons and, at their sergeant's request, provided Detective Halvorsen

---

[1] For clarity, references to an Officer Siwa are, in fact, Officer Silva. The "LV" combination was misinterpreted as a "W" due to poor handwriting. *See* Olszewski Dep. Tr. at 1465:22-146:9.

6

with the Polaroid photos of the Insane Dragons taken on September 4th, which included Plaintiff Almodovar's photo. **(Ex. 5, Olszewski Dep. Tr. at 145:22-148:15. 187:11-19, 188:13-19.)**

20. Believing Almodovar's photo fit the description given by victim Grande, Defendants Halvorsen and Guevara showed it to CPD Gang Crime Specialists Joe Rodriguez and Ed Wiora, who informed them that Almodovar had a friend named Willie Negron who he hung out with, and they provided Defendants Halvorsen and Guevara with a Polaroid photo of Negron. **(Ex. 11, Guevara 11/29/1995 Trial Testimony at 138:8-139:17, 165:9-13; Ex. 20, Rodriguez Jr. Dep. Tr. at 13:21-24, 16:22-24, 34:9-18; Ex. 21, Wiora Dep. Tr. at 77:6-24, 83:7-15.)**

21. Plaintiff Negron contends that Defendant Olszewski took a Polaroid of him in the beginning or middle of August 1994, after directing Negron and his friends to follow him and his partner to the police station. **(Ex. 22, Negron Dep. Tr. at p. 165-171:16-10.)**

22. On September 5, 1994, Grande was released from the hospital and Defendant Guevara went to her home and showed her a photo array consisting of twelve individual Polaroid photos. **(Ex. 23, Grande 11/29/1995 Trial Testimony at 57:13-58:5, 65:3-67:10; Ex. 24, People's Group Exhibit 24 to the 1995 Criminal Trial, Twelve Polaroid Photos, Ex. 25, Impounded Photographs, at Negron Plaintiff 43190-43191.)** In the photo array, six of the individuals had long hair and six of the individuals had short hair. **(Ex. 23, Grande 11/29/1995 Trial Testimony at 65:3-67:10.)** Plaintiff Almodovar's photo, along with the photo of Nurajean Hashem, one of the other Insane Dragons arrested with Almodovar by Defendant Olszewski on September 4, 1994, were among the Polaroids shown to Grande in the array. **(Ex. 23, Grande 11/29/1995 Trial Testimony at 58:12-59:13; Ex. 5, Olszewski Dep. Tr. at 75:11-22; Ex. 21, Wiora Dep. Tr. at 77:6-24, 83:7-15; Ex. 24, People's Group Exhibit 24 to the 1995 Criminal Trial, Twelve Polaroid Photos; Ex. 25, Impounded Photographs, at Negron Plaintiff 43190-**

7

**43191.)** Plaintiff Negron's photo was among the Polaroids shown to Grande in the array. **(Ex. 23, Grande 11/29/1995 Trial Testimony at 57:10-59:13; Ex. 24, People's Group Exhibit 24 to the 1995 Criminal Trial, Twelve Polaroid Photos; Ex. 25, Impounded Photographs, at Negron Plaintiff 43190-43191.)**

23. From the photo array, Grande identified Almodovar as the person from the back seat of the car that fired the gun, and Negron as the person who drove the car and also fired a gun. **(Ex. 23, Grande 11/29/1995 Trial Testimony at 58:9-59:13, 65:3-67:10.)** The twelve photos from the array were inventoried and disclosed to prosecutors. **(Ex. 23, Grande 11/29/1995 Trial Testimony at 64:24-65:14; Ex. 24, People's Group Exhibit 24 to the 1995 Criminal Trial, Twelve Polaroid Photos; Ex. 25, Impounded Photographs, at Negron Plaintiff 43190-43194.)**

24. Almodovar was arrested on September 11, 1994, and Negron was arrested on September 12, 1994. **(Ex. 1, Almodovar Dkt. #29, at ¶¶58-59; Ex. 2, Negron Dkt. #95, at ¶34;)** They admitted being members of the Insane Dragons and that they were aware of the gang war between the Insane Dragons and the MLDs. **(Ex. 22, Negron Dep. Tr. at 23:1-7, 27:10-17; Ex. 26, Almodovar Dep. Tr. at 120:9-122:3, 123:15-124:6; Ex. 27, Almodovar 11/29/95 Trial Testimony, pp. 284:1-7).** Almodovar acknowledged he knew Negron, and Negron described Almodovar as a good friend. **(Ex. 22, Negron Dep. Tr. at 27:10-17, 28:5-23; Ex. 26, Almodovar Dep. Tr. at 123:15-124:6.)**

25. On September 12, 1994, Grande and Saez separately viewed a live line-up at the Area 5 Detective Division in which both Almodovar and Negron were participants. **(Ex. 23, Grande 11/29/1995 Trial Testimony at 59:14-62:7, Ex. 10, Saez 11/28/95 Trial Testimony, at 210:2-9, 210:21-211:16)** Both Grande and Saez identified Almodovar and Negron as the

8

perpetrators. **(Ex. 23, Grande 11/29/1995 Trial Testimony at 61:11-62:7; Ex. 10, Saez 11/28/1995 Trial Testimony at 210:21-211:16.)** Almodovar and Negron were both subsequently charged and indicted for the first-degree murders of Amy Merkes and Jorge Rodriguez, and the attempted first-degree murders of Jackie Grande and Kennelly Saez. **(Ex. 28, People v. Roberto Almodovar and William Negron, Indictment and True Bill.)**

## CRIMINAL PROCEEDINGS

26. Prior to their criminal trials, Plaintiffs moved to suppress their identifications by Grande. On June 8, 1995, a hearing on the motion to suppress the identifications was held at which Grande testified. **(Ex. 29, Grande 6/8/1995 Motion to Suppress Hearing Testimony at 11-60.)** Grande testified to the photo array identifications made at her home on September 5, 1994, and she was shown all twelve photos from which she identified both Plaintiffs. **(Ex. 29, Grande 6/8/1995 Motion to Suppress Hearing Testimony at 52:18-58:22.)** Grande also testified to her identification of both Plaintiffs in the September 12, 1994 live line-up. **(Ex. 29, Grande 6/8/1995 Motion to Suppress Hearing Testimony at 56:20-58:22.)**

27. According to Almodovar, he believed Defendant Olszewski was involved in an effort to frame him and he told his criminal defense attorneys about Olszewski prior to his criminal trial.**(Ex. 26, Almodovar Dep. Tr. at 137:22-138:11; 265:20-266:21.)** However, Plaintiff Almodovar never alleged misconduct by Defendant Olszewski during his criminal trial testimony. **(Ex. 30, 11/29/1995 Criminal Trial Tr. at pp. 260 – 306).** Olszewski was not called to testify at the pre-trial motion to suppress hearing by Almodovar's then criminal defense attorney Melinda Power. **(Ex. 26, Almodovar Dep. Tr. at 137:22-138:7; Ex. 19, Olszewski Declaration at ¶ 10.)**

9

28. On June 8, 1995, the court denied Plaintiffs' motion to suppress their identifications. **(Ex. 31, Motion to Suppress Hearing, 6/8/1995, at 95:17.)**

29. Plaintiffs' cases proceeded to trial before one jury on November 28, 1995. **(Ex. 32, 11/28/1995 Trial Transcript at 3:15-20.)** Grande testified for the State on November 29, 1995, and made in-court identifications of both Plaintiff Almodovar and Plaintiff Negron. **(Ex. 23, Grande 11/29/1995 Trial Testimony at 61:21-62:7.)** No objections were made to the in-court identifications of the Plaintiffs. **(Ex. 23, Grande 11/29/1995 Trial Testimony at 61:21-62:16.)**

30. The twelve Polaroid photos used in the photo array shown to Grande by Defendant Guevara on September 5, 1994 were admitted into evidence by the State. **(Ex. 30, 11/29/1995 Trial Testimony at 65:3-67:12; Ex. 24, People's Group Exhibit 24 to the 1995 Criminal Trial, Twelve Polaroid Photos.)**

31. Defendant Olszewski did not testify at Plaintiffs' criminal trial**. (Ex. 19, Olszewski Declaration at ¶ 10)**

32. On November 30, 1995, Almodovar and Negron were found guilty of the murders of Merkes and Rodriguez and the attempted murders of Grande and Saez. **(Ex. 33, 1995 Trial Transcript, 11/30/1995 at 185:2-186:10.)** Both Plaintiffs were sentenced to life in prison on February 23, 1996. (**Ex. 34, Sentencing 2/23/1996 Hearing Transcript at K19:9-13; Ex. 35, Almodovar 2/23/1996 Order of Sentence and Commitment to IDOC at JGS_ALMODOVAR 252; Ex. 36, Negron 5/16/1997 Order of Sentence and Commitment to IDOC at JGS_ALMODOVAR 681.)**

33. The twelve Polaroid photos used in the photo array shown to Grande by Defendant Guevara on September 5, 1994, along with other trial exhibits, were impounded by

court order following the trial. **(Ex. 37, Impound Order, March 7, 1996, at JGS_ALMODOVAR 610-611.)**

34. Neither Almodovar nor Negron challenged the trial court's ruling on their motions to suppress their identifications on direct appeal. **(Ex. 3, Illinois Appellate Court Order,** *People v. Almodovar*, **July 16, 1997; Ex. 4, Illinois Appellate Court decision,** *People v. Negron*, **June 17, 1998.)** The Illinois Appellate Court affirmed their convictions. **(*Id.*)**

## DEFENDANT OLSZEWSKI

35. Defendant Olszewski did not investigate the Merkes/Rodriguez murders, and did not prepare any police reports related to that investigation. **(Ex. 19, Olszewski Declaration at ¶ 2).**

36. After Olszewski provided the photos of the Insane Dragons to Defendant Halvorsen, he had no knowledge of what Defendants Halvorsen and Guevara did with the photos or how they used those photos in the course of their investigation of the Merkes/Rodriguez murders. **(Ex. 5, Olszewski Dep. Tr. at 224:15-225:15; Ex. 19, Olszewski Declaration at ¶ 3).**

37. Defendant Olszewski did not have any interaction with either eyewitness Grande or eyewitness Saez. **(Ex. 19, Olszewski Declaration at ¶¶ 4-6.)**

38. Defendant Olszewski did not show any photos to either eyewitness Grande or eyewitness Saez. **(*Id.* at ¶¶ 5-7.)**

39. Defendant Olszewski did not conduct any identification procedure with either eyewitness Grande or eyewitness Saez, nor was he present for any photo array, live line-up or other identification procedure with eyewitness Grande or eyewitness Saez. Defendant Olszewski did not obtain nor was he present for any witness identifications of Almodovar or Negron for the Merkes/Rodriguez homicides. **(*Id.* at ¶ 7.)**

40. Defendant Olszewski did not arrest Almodovar or Negron for the Merkes/Rodriguez homicides. (*Id.* at ¶ 8.)

41. Defendant Olszewski did not have any interaction with prosecutors regarding the charging and prosecution of Almodovar and Negron for the Merkes/Rodriguez homicides. (*Id.* at ¶ 9.)

42. Defendant Olszewski did not testify at any of Almodovar or Negron's underlying criminal proceedings. (*Id.* at ¶ 10.)

43. Defendant Olszewski did not testify at any of Almodovar or Negron's post-conviction proceedings. (*Id.* at ¶ 11.)

44. Defendant Olszewski did not investigate the Olan homicide. (*Id.* at ¶ 12.)

### DEFENDANTS HALVORSEN AND GUEVARA

45. When asked if Olszewski's obtainment of Plaintiffs' photos was part of an unconstitutional scheme targeted against Almodovar, Defendants Guevara and Halvorsen exercised their Fifth Amendment privileges to refrain from answering. Defendant Halvorsen's invocation of his Fifth Amendment privilege to refrain from answering occurred during his deposition in the matter of *Serrano/Montanez,* 17 cv 2869/4560. **(Ex. 38, Guevara Dep. Tr. at 61:20-63:24; Ex. 39, Halvorsen Dep. Tr. of 4/20/2018 in *Serrano/Montanez,* 17 cv 2869/4560 at 408:20-409:10.)**

46. Later, Defendant Halvorsen decided not to invoke his Fifth Amendment privilege to refrain from answering and on February 6, 2019, he sat for a second deposition in matter of *Serrano/Montanez,* 17 cv 2869/4560 and did not invoke the Fifth Amendment for any question. **(Ex. 40, Halvorsen 2/6/2019 Dep. Tr. in *Serrano/Montanez,* 17 cv 2869/4560 at 1-2, 111-112.)** Halvorsen was never asked about Almodovar, Negron, or Olszewski during this second

deposition. **(Ex. 40, Halvorsen 2/6/2019 Dep. Tr. in** *Serrano/Montanez,* **17 cv 2869/4560 a word index.)**

47. Defendant Halvorsen provided substantive answers to Plaintiffs' Complaints and written discovery, and he did not assert the Fifth Amendment. **(Ex. 1, Almodovar Dkt. #29; Ex. 2, Negron Dkt. #95; Ex. 41, Halvorsen 4/10/2019 Answers to Almodovar Interrogatories; Ex. 42, Halvorsen 1/11/2019 Answers to Negron Interrogatories.)** Halvorsen denied Plaintiffs' allegations of a conspiracy targeting Plaintiffs. **(Ex. 1, Almodovar Dkt. #29; Ex. 2, Negron Dkt. #95.)** Halvorsen specifically denied that he asked Defendant Olszewski to obtain a photograph of either Plaintiff Almodovar or Negron in order to use them to frame Plaintiffs for the Merkes/Rodriguez homicide. **(Ex. 1, Almodovar Dkt. #29 at ¶¶ 47-49, 55; Ex. 2, Negron Dkt. #95 at ¶¶ 32-33.)**

48. Defendant Halvorsen died before his deposition was taken in this action. **(Ex. 6, Halvorsen Statement of Death Upon Record, Almodovar Dkt. #69 and Negron Dkt. #69).**

Date: December 21, 2022.

Respectfully submitted,

/s/ Josh M. Engquist
JOSH M. ENGQUIST, Atty No. 6242849
Special Assistant Corporation Counsel
*One of the Attorneys for Individual Defendants*

James. G. Sotos
Caroline P. Golden
Josh M. Engquist
Special Assistant Corporation Counsel
THE SOTOS LAW FIRM, P.C.
141 W. Jackson Blvd., Suite 1240A
Chicago, IL 60604
Tel: (630) 735-3300
jengquist@jsotoslaw.com

**CERTIFICATE OF SERVICE**

      I certify under penalty of perjury, pursuant to 28 U.S.C.A. § 1746, that on **Wednesday, December 21, 2022**, I electronically filed the foregoing **DEFENDANT OLSZEWSKI'S LOCAL RULE 56.1 STATEMENT OF UNCONTESTED FACTS IN SUPPORT OF HIS MOTION FOR SUMMARY JUDGMENT** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following CM/ECF participants listed in the below service list:

*Attorneys for Roberto Almodovar:*

Jennifer A Bonjean
Ashley Blair Cohen
Bonjean Law Group, PLLC
467 Saint Johns Place
Brooklyn, NY 11238
(718) 875-1850
jennifer@bonjeanlaw.com
Ashley@bonjeanlaw.com

*Attorneys for William Negron:*

Arthur R. Loevy
Jonathan I. Loevy
Ruth Z. Brown
Julie Marie Goodwin
Lindsay Hagy
Rachel Elaine Brady
Sean Starr
Russell R Ainsworth
Loevy & Loevy
311 North Aberdeen
3rd Floor
Chicago, IL 60607
(312)243-5900
arthur@loevy.com
jon@loevy.com
ruth@loevy.com
julie@loevy.com
lindsay@loevy.com
Brady@Loevy.com
sean@loevy.com
russell@loevy.com

*Attorneys for Defendant Reynaldo Guevara:*

Thomas More Leinenweber
James Vincent Daffada
Megan Kelly McGrath
Kevin Edward Zibolski
Michael John Schalka
Leinenweber Barone & Daffada LLC
120 N. LaSalle St.
Suite 2000
Chicago, IL 60602
(847) 251-4091
jim@ilesq.com
jim@ilesq.com
mkm@ilesq.com
kevin@ilesq.com

*Attorneys for Defendant City of Chicago:*

Eileen Ellen Rosen
Austin Gordon Rahe
Catherine Macneil Barber
Patrick R Moran
Stacy Ann Benjamin
Theresa Berousek Carney
Rock Fusco & Connelly, LLC
321 North Clark Street, Suite 2200
Chicago, IL 60654
(312) 474-1000
erosen@rfclaw.com
arahe@rfclaw.com
cbarber@rockfuscoconnelly.com
pmoran@rfclaw.com
sbenjamin@rfclaw.com
tcarney@rfclaw.com

14

***Attorneys for Respondent Cook County State's Attorney's Office:***

Patrick Daniel Morris
Silvia Mercado Masters
Cook County State's Attorney's Office
50 W. Washington Street
Suite 2760
Chicago, IL 60602
312.603-1426
patrick.morris@cookcountyil.gov
silvia.mercadomasters@cookcountyil.gov

        /s/ Josh M. Engquist
        JOSH M. ENGQUIST, Atty No. 6242849
        Special Assistant Corporation Counsel
        *One of the Attorneys for Individual Defendants*